**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:  Case No.: 6:15-bk-03448-KSJ
 Chapter 11
ORLANDO GATEWAY PARTNERS, LLC

        Debtor.
_____/

ORLANDO GATEWAY PARTNERS, LLC,

        Plaintiff,
vs.  Adv. Pro. No. 6:15-ap-00084-KSJ

GOOD GATEWAY, LLC and SEG
GATEWAY, LLC,

        Defendants/Third Party Plaintiffs,
vs.

ROHAN THAKKAR, an individual;
NILOY THAKKAR, an individual;
SALONI THAKKAR, an individual;
NILOY INC., a Georgia corporation;
NILHAN FINANCIAL, LLC, a Florida
limited liability company;
RNT, LLC, a Florida limited liability
company; and
SALONI THAKKAR, LLC, a Georgia
limited liability company,

        Third Party Defendants.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES**

Third Party Defendants ROHAN THAKKAR, an individual; NILOY THAKKAR, an individual; SALONI THAKKAR, an individual; NILOY INC., a Georgia corporation; NILHAN FINANCIAL, LLC, a Florida limited liability company; RNT, LLC, a Florida limited liability company; and SALONI THAKKAR, LLC, a Georgia limited liability

company (jointly, "Defendants"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Third Party Plaintiff, GOOD GATEWAY, LLC and SEG GATEWAY, LLC ("Plaintiffs")' Supplemental Third Party Complaint for the Recovery of Fraudulent Transfers [ECF No. 71] (the "Complaint").  (All numbered responses intend to and do respond to the corresponding numerical allegations made in Plaintiffs' Complaint).

1. Admitted in that the nature of the action seeks relief under §§ 56.29(5), 6(b) and (9), Fla. Stat. (2015), and that this Court has subject matter jurisdiction over the stated causes of action and that this Court is the appropriate venue.  Defendants deny the allegations in this paragraph that they are subject to this Court's personal jurisdiction pursuant to the Court's Order dated August 27, 2015 [ECF No. 56].

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted that Defendant Nilhan Financial, LLC ("NF") is a Florida limited liability company with its principal place of business in Miami-Dade County, Florida.  The remainder of this allegation is denied.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted that the Niloy Thakkar 2012 Gift Trust was established by C.

Thakkar and his wife, for which Rohan Thakkar is trustee. Denied that such trust is an impleader defendant in this case.

13. Admitted that the Rohan Thakkar 2012 Gift Trust was established by C. Thakkar and his wife, for which Niloy Thakkar is trustee. Denied that such trust is an impleader defendant in this case.

13. Defendants are without knowledge sufficient to either admit or deny this allegation.

14. Admitted.

15. Defendants are without knowledge sufficient to either admit or deny this allegation.

16. Admitted.

17. Denied, as Plaintiffs have received partial satisfaction.

18. Admitted.

19. Admitted.

20. Admitted that the judgments were entered and recorded. Denied that the judgments were entered by this Court.

21. Denied.

22. Admitted.

23. Defendants are without knowledge sufficient to either admit or deny this allegation.

24. Defendants are without knowledge sufficient to either admit or deny this allegation.

25. Defendants are without knowledge sufficient to either admit or deny this

allegation.

26. Denied. By way of further answer, not all Defendants in this action are judgment debtors subject to §§ 56.29 and 57.115, Fla. Stat. (2015).

27. Denied.

28. Admitted.

29. Defendants are without knowledge sufficient to either admit or deny this allegation.

30. Defendants are without knowledge sufficient to either admit or deny the allegation that NCT Systems, Inc. ("NCT") conveyed a security interest in its assets; Defendants deny that any such transfer was for no value, if applicable, and further deny this allegation to the extent it infers a contemporaneous transfer.

31. Admitted that Niloy Inc. ("NI") filed UCC-1 Financing Statement No. 201401979171 ("NCT UCC") with the Florida Secured Transaction Registry. Defendants deny this allegation to the extent Plaintiffs claim that the filing of the NCT UCC indicated a contemporaneous pledge of substantially all of its assets.

32. Denied.

33. Denied.

34. Admitted that defendants C. Thakkar and S. Thakkar executed a quit claim deed; denied that Exhibit "C" is a true and correct copy of such quit claim deed.

35. Denied.

36. Admitted.

37. Admitted that only nominal amounts were paid for documentary stamp taxes; denied that such nominal amounts evidence that no consideration was received

for the transfer.

38. Defendants are without knowledge sufficient to either admit or deny the allegation that C. Thakkar forgave debts owed to him by his sons. Defendants deny that any such forgiveness (if applicable) constitutes a fraudulent transfer.

39. Defendants are without knowledge sufficient to either admit or deny this allegation.

40. Defendants are without knowledge sufficient to either admit or deny the allegation.

41. Denied.

42. Denied.

43. Denied.

44. Admitted that C. Thakkar conveyed certain shares of NI to impleader defendants R. Thakkar and N. Thakkar; denied that such transfers constitute a fraudulent transfer.

45. Admitted.

46. Admitted.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Admitted that C. Thakkar does not receive wages; denied to the extent Plaintiffs allege that C. Thakkar provides services to or for NI..

57. Denied.

58. Denied.

59. Admitted that impleader defendant NRLLC conveyed a security interest; denied that such conveyance was for no value and constitutes a fraudulent transfer.

60. Admitted that UCC-1 Financing Statement No. 067-2014-006990 ("NRLLC UCC") was filed and recorded. Defendants deny this allegation to the extent Plaintiffs claim that the filing and recording of the NRLLC UCC indicated a contemporaneous pledge of substantially all of its assets.

61. Denied.

62. Denied.

63. Admitted to the extent admitted and denied to the extent denied herein.

64. Admitted.

65. Admitted.

66. Admitted.

67. Admitted.

68. Denied.

69. Denied.

70. Defendants are without knowledge sufficient to either admit or deny this allegation.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied

77. Admitted to the extent admitted and denied to the extent denied herein.

78. Admitted.

79. Denied.

80. Denied.

81. Defendants are without knowledge sufficient to either admit or deny this allegation.

82. Denied

   a. Admitted that Niloy, Inc., Nilhan Financial, LLC and Saloni Thakkar, LLC are insiders of NCT. Denied as to the remainder of this allegation.

   b. Admitted that C. Thakkar controls NCT, Niloy, Inc., Nilhan Financial, LLC and Saloni Thakkar, LLC. Denied as to the remainder of this allegation.

   c. Denied.

   d. Denied.

   e. Admitted that transfers were made by quit claim deed and check; denied as to the remainder of this allegation.

   f. Admitted that NCT was threatened with litigation; denied that NCT was aware of its debt to Plaintiffs.

    g. Admitted.

    h. Admitted.

    i. Denied.

    j. Admitted.

    k. Defendants are without knowledge sufficient to either admit or deny this allegation.

    l. Denied.

83. Denied.

84. Admitted to the extent admitted and denied to the extent denied herein.

85. Admitted.

86. Denied.

87. Denied.

88. Admitted.

89. Denied. By way of further answer, RNT received title to the real property at issue as a result of this transfer.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Admitted to the extent admitted and denied to the extent denied herein.

96. Admitted.

97. Denied.

98. Denied.

99. Admitted.

100. Denied.

    a. Admitted.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Admitted that the transfer was made my quit claim deed; denied that warranties of title are typically seen in legitimate transfers of this type.

    f. Denied.

    g. Denied.

    h. Denied.

    i. Denied.

101. Denied.

102. Admitted to the extent admitted and denied to the extent denied herein.

103. Admitted.

104. Denied.

105. Denied.

106. Admitted.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Admitted to the extent admitted and denied to the extent denied herein.

114. Admitted.

115. Denied.

116. Denied.

117. Admitted.

118. Denied.

    a. Admitted.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

    f. Admitted.

    g. Denied.

119. Denied.

120. Admitted to the extent admitted and denied to the extent denied herein.

121. Admitted.

122. Denied.

123. Denied.

124. Admitted.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Admitted to the extent admitted and denied to the extent denied herein.

132. Admitted.

133. Denied.

134. Denied.

135. Admitted.

136. Denied.

    a. Admitted.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

    f. Admitted.

    g. Denied.

137. Denied.

138. Admitted to the extent admitted and denied to the extent denied herein.

139. Admitted.

140. Admitted that the transfers occurred; denied that NCT was indebted to Plaintiffs at that time.

141. Denied.

142. Admitted.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Admitted to the extent admitted and denied to the extent denied herein.

150. Admitted.

151. Denied.

152. Admitted that NCT caused the transfers; denied that NCT was indebted to Plaintiffs at that time.

153. Admitted.

154. Denied:

    a. Admitted.

    b. Denied.

    c. Denied.

    d. Denied that NCT was well aware of the asserted indebtedness; admitted that the underlying lawsuit was underway.

    e. Denied.

    f. Admitted.

    g. Denied.

155. Denied.

156. Admitted to the extent admitted and denied to the extent denied herein.

157. Admitted.

158. Denied.

159. Denied.

160. Admitted.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Admitted to the extent admitted and denied to the extent denied herein.

168. Admitted.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

    a. Denied that the alleged transfers occurred. Admitted that S. Thakkar is an insider of C. Thakkar.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

  f. Denied.

  g. Denied.

173. Denied.

## AFFIRMATIVE DEFENSES

*First Affirmative Defense* **– solvency**

Defendants assert that they were solvent at all times material hereto, and thus cannot be liable for any cause of action asserted under §§ 726.105(1)(b) or 726.106(1). Accordingly, Defendants have no liability under the theories asserted by Plaintiffs in Counts I, III, V, VII, IX, XI.

*Second Affirmative Defense* **– good faith and reasonably equivalent value**

Defendants assert that reasonably equivalent value was received in exchange for the transfers alleged by Plaintiffs in the Complaint, and that the transferees acted in good faith. Accordingly, Defendants have no liability under the theories asserted by Plaintiffs in Counts II, IV, VI, VIII, X and XII.

  **WHEREFORE** the Defendants request that this Honorable Court enter judgment in favor of Defendants.

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court of the Middle District of Florida, that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true

and correct copy of the foregoing was filed using CM/ECF and served this 22nd day of January, 2016: (i) via CM/ECF upon all parties registered to receive Notice(s) of Electronic Filing (NEF) in this bankruptcy case.

        Moffa & Breuer, PLLC
        Attorneys for Defendants
        1776 N. Pine Island Rd. #102
        Plantation, Florida 33322
        Telephone   954-634-4733
        FAX           954-337-0637
        Email  John@moffa.law

        By: /s/ John A. Moffa
             John A. Moffa
             FBN 0932760
             Stephen C. Breuer
             FBN 99709